SUPERIOR COURT
OF THE

CRAIG A. KARSNITZ
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

September 9, 2020

Spencer Lee Keys
f/k/a Terry A. Ridenour
SBI #00218605
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

Thomas A. Pedersen, Esquire
115 South Bedford Street
Georgetown, DE 19947

Department of Justice
114 East Market Street
Georgetown, DE 19947

> Re: *State of Delaware v. Spencer Lee Keys f/k/a Terry A. Ridenour*
> Def. ID# 1810001625 (R-1)
> Motion for Postconviction Relief and Appointment of
> Postconviction Counsel
> and
> Motion for Reduction of Sentence

Dear Mr. Keys and Counsel:

On March 16, 2020, April 23, 2020 and May 29, 2020, Spencer Lee Keys f/k/a

Terry A. Ridenour ("Keys" or "Movant") timely filed his first Motion for

Postconviction Relief and Request for the Appointment of Postconviction Counsel under Delaware Superior Court Criminal Rule 61 (these three pleadings, collectively, the "Rule 61 Motion") in connection with the above-referenced case. On August 31, 2020, Keys filed a Motion for Sentence Modification (Reduction of Sentence) under Delaware Superior Court Criminal Rule 35(b) (the "Rule 35(b) Motion") (the Rule 61 Motion and the Rule 35(b) Motion, collectively, the "Motions"). This is my decision on both Motions.

Keys was charged with a sixth offense of driving under the influence of alcohol and/or drugs ("DUI") and possession of drug paraphernalia. Keys was represented at trial by Thomas A. Pedersen, Esquire ("Trial Counsel"). The case was tried to a jury, which convicted Keys on both charges. I sentenced Keys on the DUI offense to eight years of imprisonment at level 5 (with credit for 49 days already served), suspended after two years and completion of the Key Program for one year at level 3 and completion of an intensive outpatient treatment program. I sentenced Keys on the possession of drug paraphernalia offense concurrently to six months at level 5, suspended for six months at level 3 and completion of an intensive outpatient treatment program. Keys did not take a direct appeal to the Delaware Supreme Court from the judgment of conviction.

**Rule 61 Motion**

Before addressing the merits of the Rule 61 Motion, I first address the four procedural bars of Superior Court Criminal Rule 61(i).[1] If a procedural bar exists, as a general rule I will not address the merits of the postconviction claim.[2] Under the Delaware Superior Court Rules of Criminal Procedure, a motion for post-conviction relief can be barred for time limitations, successive motions, failure to raise claims that could have been raised, or former adjudication.[3]

First, a motion for postconviction relief exceeds time limitations if it is filed more than one year after the conviction becomes final, or if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right was first recognized by the Supreme Court of Delaware or the United States Supreme Court.[4] In this case, Keys' conviction became final for purposes of Rule 61 thirty (30) days after I imposed sentence on November 13, 2019, because he did not file a direct appeal.5 Keys filed his *pro se*

---

1 *Ayers v. State*, 802 A.2d 278, 281 (Del.2002) (citing *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
2 *Bradley v. State*, 135 A.3d 748 (Del 2016); *State v. Page*, 2009 WL 1141738, at*13 (Del. Super. April 28, 2009).
3 Super. Ct. Crim. R. 61(i).
4 Super. Ct. Crim. R. 61(i)(1).
5 Super. Ct. Crim. R. 61(m)(1).

Rule 61 Motion on March 16, 2020, April 23, 2020 and May 29, 2020, all within the one-year period. Therefore, consideration of the Rule 61 Motion is not barred by the one-year limitation.

Second, second or subsequent motions for postconviction relief are not permitted unless certain conditions are satisfied.6 Since this is Keys' first Rule 61 Motion, these restrictions do not apply.

Third, procedural grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred unless the movant can show "cause for relief" and "prejudice from [the] violation."[7] The only ground resembling a procedural defect is the use by the State of the former name of Movant, which was changed on February 23, 2009 by the Court of Common Pleas, instead of his current name. This bar does not apply in this case because Movant did not assert this claim at trial and has thus waived the claim. No cause for relief or prejudice from the violation can be shown; there is no question whatsoever as to the identity of Movant at any stage of the proceedings.

Fourth, grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction

---

6 Super. Ct. Crim. R. 61(i)(2)
7 Super. Ct. Crim. R. 61(i)(3).

proceeding, or in a federal habeas corpus hearing" are barred.[8]   One of Keys' grounds

is based on claims of ineffective assistance of counsel.   It is well settled Delaware

law that, as collateral claims, ineffective assistance of counsel claims are properly

raised for the first time in postconviction proceedings.[9]   Indeed, Keys did not appeal

to the Delaware Supreme Court.

Finally, the four procedural bars to do not apply either to a claim that the Court

lacked jurisdiction or to a claim that pleads with particularity that new evidence exists

that creates a strong inference of actual innocence,[10] or that a new retroactively

applied rule of constitutional law renders the conviction invalid.[11]   Keys claims that

there is a lack of evidence on the record to support his DUI conviction, but he never

claims that he has new evidence that creates an inference of his actual innocence.

Thus, none of the procedural bars under Rule 61 applies in this case, and I will

consider Keys' claims on the merits.

---

8 Super. Ct. Crim. R. 61(i)(4).
9 *State v. Schofield*, 2019 WL 103862, at \*2 (Del. Super. January 3, 2019); *Thelemarque v. State*, 2016 WL 556631, at \*3 (Del. Feb. 11, 2016) ("[T]his Court will not review claims of ineffective assistance of counsel for the first time on direct appeal."); *Watson v. State*, 2013 WL 5745708, at \*2 (Del. Oct. 21, 2013) ("It is well-settled that this Court will not consider a claim of ineffective assistance that is raised for the first time in a direct appeal.").
10 Super. Ct. Crim. R. 61(i)(5).
11 Super. Ct. Crim. R. 61(d)(2)(i) and (ii).

Keys asserts three grounds in his Motion: ineffective assistance of Trial Counsel, legal name change, and lack of evidence. I have already disposed of the legal name change issue.

Ineffective Assistance of Trial Counsel

Keys asserts that Trial Counsel failed to obtain video evidence from the Royal Farms security camera and an officer's audio/bodycam to "prove that he blew .85" in the field sobriety test. He asserts that this evidence could have changed the verdict.

Claims of ineffective assistance of counsel are assessed under the two-part standard established in *Strickland v. Washington,* [12] as applied in Delaware. [13] Under *Strickland*, Keys must show that (1) Trial Counsel's representation "fell below an objective standard of reasonableness" (the "performance part"); and, (2) the "deficient performance prejudiced [his] defense" (the "prejudice part").[14] In considering the performance part, the *Strickland* Court was mindful that "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."[15] *Strickland* requires an objective analysis, making every effort "to eliminate the distorting effects of hindsight" and to "indulge

---

12 466 U.S. 668 (1984).
13 *Albury v. State*, 551 A.2d 53 (Del. 1988).
14 *Id.* at 687.
15 *Id.* at 690.

6

a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[16] Moreover, "strategic choices about which lines of defense to pursue are owed deference commensurate with the reasonableness of the professional judgments on which they are based."[17]

As to the performance part, Keys must show that Trial Counsel's performance was not strategically reasonable. In my view, the performance by Trial Counsel was strategically reasonable. Thus, Trial Counsel's strategic decisions do not amount to ineffective assistance of counsel, as discussed more fully below.

As to the prejudice part of *Strickland*, Keys must demonstrate that there exists a reasonable probability that, but for Trial Counsel's unprofessional errors, the outcome of the trial would have been different.[18] Even if Trial Counsel's performance were professionally unreasonable, it would not warrant setting aside the judgment of conviction if the error had no effect on the judgment.[19] A showing of prejudice "requires more than a showing of theoretical possibility that the outcome was affected."[20] In my view, even if Trial Counsel's strategic decisions

---

16 *Id.* at 689.
17 *Id.* at 681.
18 *Id.* at 687; *Zebroski v. State,* 822 A.2d 1038, 1043 (Del. 2003); *Wright v. State,* 671 A.2d 1353, 1356 (Del. 1996).
19 *Strickland,* at 691.
20 *Frey v. Fulcomer,* 974 F.2d 348, 358 (3d Cir. 1992).

7

were deemed to constitute ineffective assistance of counsel, the ultimate outcome of the trial would not have been different. Thus, Trial Counsel's strategic decisions did not prejudice Keys' defense under the prejudice part of the *Strickland* test.

*Strickland* also teaches that there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in a particular order, or even to address both parts of the inquiry if the defendant makes an insufficient showing on one. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed.[21] In every case, the court should be concerned with whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results.[22]

I requested and reviewed an affidavit from Trial Counsel (the "Affidavit") in connection with Movant's claims. With respect to Movant's allegation that Trial Counsel failed to obtain exculpatory video evidence from Royal Farms, Trial Counsel points out that Movant admitted driving the car, was observed by a civilian driving erratically on Route 13, and was observed by the officer driving from one side of the parking lot to the other. With respect to Movant's allegation that Trial

---

21 *Strickland,* at 697.
22 *Id.* at 696.

Counsel failed to obtain video or audio from the officer's bodycam, Trial Counsel points out that, since the preliminary breath test reading was .85, which exceeds the legal limit of .08, evidence from the bodycam would have been of no avail. I find that, absent the Royal Farms video and the bodycam audio and video, there was still substantial evidence from which the jury could, and did, conclude that Movant was under the influence of alcohol, drugs, or both.

Based upon Trial Counsel's Affidavit and the record, my opinion is that Trial Counsel represented his client effectively and well, and there is no support for Keys' claim of ineffective assistance of counsel.

Lack of Evidence

Keys argues that the State did not present sufficient evidence at trial to support his conviction for a sixth offense of driving under the influence of alcohol and/or drugs ("DUI") and possession of drug paraphernalia. Specifically, he argues that his blood draw occurred two hours after his arrest, he took one hit of crack cocaine while in the Royal Farms parking lot (an incriminating fact), and no keys were present in the vehicle. However, after all the evidence was presented at trial, Keys did not move for a judgment of acquittal[23] (formerly known as a motion for a directed verdict)

---

23 Super. Ct. Crim. R. 29(a).

based on the insufficiency of the evidence to support the charges against him. Since Keys did not claim that the evidence was insufficient at trial by way of a motion for judgment of acquittal, he waived that argument, and the alleged error was not properly preserved for the collateral Rule 61 Motion, unless he showed cause for relief and prejudice.[24] Keys showed neither.

### Appointment of Postconviction Counsel

Rule 61 provides that I **shall** appoint counsel for Keys if his **first** Postconviction Motion seeks to set aside, *inter alia*, a judgment of conviction after a trial that **has been affirmed by final order upon direct appellate review** and **is for a crime designated as a class A, B, or C felony** under 11 Del. C. §4205(b).[25] In this case, Keys did not take a direct appeal to the Delaware Supreme Court, so there is no final order of that Court. Moreover, The DUI offense of which Keys was convicted is a Class D felony.[26]

Rule 61 further provides that I **may** I may appoint counsel for any other **first** Postconviction Motion only if I determine that: (i) the motion is an indigent movant's first timely postconviction motion and request for appointment of counsel; (ii) the motion seeks to set aside a judgment of conviction after a trial that **has been affirmed**

---

[24] *Mathis v. State*, 950 A.2d 659 (Del. 2008).
[25] Super. Ct. Crim. R. 61(e)(1).
[26] 21 *Del. C.* §4177(d)(6).

10

*by final order upon direct appellate review*; (iii) the motion sets forth a substantial claim that the movant received ineffective assistance of trial or appellate counsel; (iv) the motion sets forth a substantial claim that the movant is in custody in violation of the United States Constitution or the Delaware Constitution; (v) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and (vi) specific exceptional circumstances warrant the appointment of counsel.27 As discussed above, only condition (i) of these conditions is satisfied. None of the other conditions is satisfied.

For these reasons, I deny Key's request for the appointment of postconviction counsel.

**Rule 35(b) Motion**

Superior Court Rule 35(b) provides in pertinent part:

> The court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed … The court will consider an application made more than 90 days after the imposition of sentence only in extraordinary circumstances … A motion for reduction of sentence will be considered without presentation, hearing or argument unless otherwise ordered by the court.

In this case. Sentence was imposed on November 13, 2019. Movant did not file his Rule 35(b) Motion within 90 days thereafter. Moreover, Movant has failed

---

27 Super. Ct. Crim. R. 61(e)(3).

11

to demonstrate any "extraordinary circumstance" for his late filing. He claims that he was unaware of the ability to file a motion for sentence reduction, that he assumed his counsel would have filed such a motion, and that, as a self-represented Movant, he is unfamiliar with legal matters. None of these is the types of "extraordinary circumstance" recognized by Delaware law to support sentence reduction.[28] Moreover, the grounds stated in his Rule 35(b) Motion are essentially a rehash of the grounds stated in his Rule 61 Motion. Therefore, I deny the Rule 35(b) Motion as untimely.

### Conclusion

Rule 61 provides for summary dismissal of the Motion if it plainly appears from both the Motion itself and the record of prior proceedings in the case that Movant is not entitled to relief.[29] Therefore, for the reasons set forth above, I am entering an Order for summary dismissal and causing Movant to be notified of the dismissal. The Motion for Postconviction Relief is **DISMISSED**.

---

[28] *Ketchum v. State*, 801 A.2d 10 (Del. 2002); *Hickman v. State*, 839 A. 2d 666 (Del. 2003); *Fenimore v. State*, 839 A.2d 665 (Del. 2003); *Reid v. State*, 947 A.2d 1123 (Del. 2007).
[29] Super. Ct. Crim. R. 61(d)(5).

Further, none of the requirements of Rule 61 for either mandatory or discretionary appointment of postconviction counsel is satisfied. The Request for Appointment of Postconviction Counsel is **DENIED**.

Finally, Movant demonstrates none of the extraordinary circumstances required for a reduction of his sentence under Rule 35(b). The Motion for Sentence Modification (Reduction of Sentence) is **DENIED**.

**IT IS SO ORDERED**.

Very truly yours,

Craig A. Karsnitz

cc:     Prothonotary

FILED PROTHONOTARY
SUSSEX COUNTY
2020 SEP -9 P 1: 22